IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **Frank J. Honaker**, | : | Case No. 01:12CV0069 |
| Petitioner, | : | |
| vs. | : | |
| **Jason Bunting, Warden**, | : | **MAGISTRATE'S REPORT & RECOMMENDATION** |
| Respondent. | : | |

I. INTRODUCTION.

This case was automatically referred to the undersigned Magistrate Judge for report and recommendation pursuant to UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF OHIO LOCAL CIVIL RULES 72.2(b)(2).  Pending are Petitioner's Petition for Writ of Habeas Corpus, Respondent's Return of Writ, and Petitioner's Traverse (Docket Nos. 1, 7 & 8).  For the reasons that below, the Magistrate recommends that the Court deny the Petition for Writ of Habeas Corpus.

II. FACTUAL BACKGROUND

Because Petitioner filed his habeas petition after the enactment of the ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT ("AEDPA"), codified at 28 U.S.C. § 2254(d) on April 24,

1996, the Court applies the AEDPA standard of review. *Cooey v. Coyle*, 289 F. 3d 882, 896 (6th Cir. 2002) *cert. denied,* 123 S. Ct. 1620 (2003). Under AEDPA, the state court's findings of fact are presumed to be correct unless they are rebutted by clear and convincing evidence. *Montes v. Trombley*, 599 F.3d 490, 494 (6th Cir.2010) (*citing Benge v. Johnson*, 474 F.3d 236, 241 (6th Cir.2007). Here Petitioner has not presented any evidence to rebut the findings of facts made by the court of appeals. In summation, the Court of Appeals determined:

> Petitioner and his soon to be ex-wife, Lori Honaker, had children. Lori Honaker was having an extramarital affair with Christopher Betts. On December 13, 2007, Petitioner had visitation with the Honaker children. When Petitioner returned the children to Lori Honaker's apartment, Petitioner instructed his daughter to call her mother and request that she let the children enter through the front door. When Petitioner and the children arrived at the apartment, he saw Betts' truck in the parking lot. Petitioner armed himself with a pistol he kept in the truck and went around to the back of the apartment while the children went to the front door. Betts was leaving from the rear door. Petitioner confronted Betts and fired a single gunshot that struck and killed Betts.

*State v. Honaker,* 2010 WL 2245573, 1 (2010).

### III. PROCEDURAL BACKGROUND.

**A.     INDICTMENT.**

On December 20, 2007, the Jurors of the Grand Jury of Lorain County, Ohio, filed the following five-count indictment against Petitioner based on the events of December 13, 2007:

| COUNT | CHARGES |
|---|---|
| One | Aggravated murder, a violation of OHIO REV. CODE § 2903.01(A), with a firearm specification; |
| Two | Murder, a violation of OHIO REV. CODE § 2903.02(A), with a firearm specification; |
| Three | Murder, a violation of OHIO REV. CODE § 2903.02(B), with a firearm specification; |
| Four | Felonious Assault, a violation of OHIO REV. CODE § 2903.11(A)(1), with a firearm specification; and |
| Five | Felonious Assault, a violation of OHIO REV. CODE § 2903.11(A)(2), with a |

2

>    firearm specification.

(Docket No. 7-1, pp. 4-6 of 419).

**B.    CONVICTION AND SENTENCING.**

After a four-day jury trial, Petitioner was acquitted on Counts One and Two. The jury found Petitioner guilty on Counts Three, Four and Five, with firearm specifications (Docket No. 7-1, p. 8 of 419).

A judgment entry of conviction which, *inter alia*, included the following sentences, was filed:

> Count Three:    Fifteen years to life and three years on the firearm specification.
> Count Four:     Three years and three years on the firearm specification.
> Count Five:     Three years and three years on the firearm specification.

Judge Edward Zaleski ordered that all counts be served concurrently and the three-year firearm specification was consecutive, for a total term of incarceration of eighteen years to life (Docket No. 7-1, p. 11 of 419).

**C.    DIRECT APPEAL.**

Petitioner filed a notice of appeal on August 25, 2008 (Docket No. 7-1, p. 17 of 419). There was one general assignment of error:

Petitioner's conviction for murder must be reversed because the indictment failed to charge the crime of felony murder under OHIO REV. CODE § 2903.02(B), in violation of Petitioner's state constitutional right to a grand jury indictment and his state and federal constitutional rights to due process.

Four corollary arguments emanated from the general assignment of error:

> a.    Petitioner's constitutional right to indictment by a grand jury was violated because Count Three failed to inform him of the charge against which he must defend.
> b.    Reversal of Petitioner's conviction is mandated because the defective indictment resulted in structural error.

      c.      The grand jury's failure to inform Petitioner of which, if any, of the eighteen felony one and two degree offenses of violence he was charged with renders the indictment constitutionally defective.

      d.      Ohio case law precedent establishes that Petitioner's indictment is defective.

(Docket No. 7-1, pp. 18-44 of 419).

The State of Ohio's response was:

Petitioner's indictment for felony murder in violation of OHIO REV. CODE § 2903.02(B) is proper.

(Docket No. 7-1, p. 110 of 419).

On August 31, 2009, the Court of Appeals vacated Petitioner's sentence for the reason that:

Petitioner's judgment entry of sentence provided: "The court further notifies the defendant that post-release control is mandatory on Counts IV & V of this case *up to a maximum of three (3) years*[.]" (Emphasis added). The trial court's judgment, therefore, erroneously states that Petitioner could be subject to less than, but not more than, three years of post-release control instead of notifying him that he will in fact be subject to the full term of three years. Accordingly the sentence is **void** for lack of conformity to the statutory mandates and must be vacated[1].

(Docket No. 7-1, pp. 147-150 of 419).

**D.**    **REMAND**.

A judgment entry of conviction and sentencing was filed on September 15, 2009, in

---

[1] In general, a void judgment is one that has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act. *State v. Fischer,* 128 Ohio St.3d 92, 94, 942 N.E.2d 332, 336 (2010) (*citing State v. Payne*, 114 Ohio St.3d 502, 873 N.E.2d 306 (2007). But in the modern era, Ohio law has consistently recognized a narrow, and imperative, exception to that general rule: a sentence that is not in accordance with statutorily mandated terms is void. *Id.* (*See, e.g., State v. Simpkins*, 117 Ohio St. 3d 420, 884 N. E. 2d 568, at ¶ 14 (2008); *State v. Bezak*, 114 Ohio St.3d 94, 868 N.E.2d 961 (2007); *State v. Jordan*, 104 Ohio St.3d 21, 817 N.E.2d 864 (2004); *State v. Beasley*, 14 Ohio St.3d 74, 75, 471 N.E.2d 774 (1984); *Colegrove v. Burns*, 175 Ohio St. 437, 195 N.E.2d 811 (1964); *See also Woods v. Telb,* 89 Ohio St.3d 504, 733 N.E.2d 1103 (2000)).

which the sentences were changed accordingly:

    Count Three:  Fifteen years to life plus three years **actual** on the firearm specification.
    Count Four:   **Eight** years plus three years **actual** on the firearm specification.
    Count Five:   **Eight** years plus three years **actual** on the firearm specification.

Judge Zaleski ordered that all counts to be served concurrently and the three-year firearm specification is consecutive, for a total aggregate of eighteen years to life. (Docket No. 7-1, pp. 151-153, 226 of 419).

E.    DIRECT APPEAL FROM THE REMAND.

Petitioner perfected a notice of appeal on September 29, 2009 (Docket No. 7-1, pp. 155-156 of 419). His first and second assignments of error were:

1. Petitioner's conviction for murder must be reversed because the indictment failed to charge the crime of felony murder under OHIO REV. CODE § 2903.02(B) in violation of Petitioner's state constitutional right to a grand jury indictment and his state and federal constitutional rights to due process.
2. Petitioner's due process rights under the Fifth and Fourteenth Amendments were violated when the trial imposed a vindictive sentence based on facts known to it at the time of the original sentence.

(Docket No. 7-1, pp. 157-184 of 419).

The State of Ohio's response was:

1. Petitioner's indictment for felony murder in violation of OHIO REV. CODE § 2903.02(B) was proper. The proper indictment for felony murder does not require the predicate offense to be stated in the felony murder count of the indictment.
2. Petitioner's due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were not violated when the trial court imposed a different prison sentence at re-sentencing than the original sentence. A trial court conducting a *de novo* sentencing hearing after a prior sentence has been declared may impose any statutorily authorized sentence without regard to the term of imprisonment imposed in the void sentence.

(Docket No. 7-1, p. 232 of 419).

The court of appeals affirmed the conviction and sentence on June 7, 2010 (Docket No. 7-1, pp. 264-272 of 419). Petitioner filed an application for reconsideration, an application for reconsideration *en banc* and a motion to certify conflict in the court of appeals on June 17, 2010 (Docket No. 7-1, pp. 320-330, 340-347, 376-382 of 419). The State of Ohio submitted requests for denial of the motion for reconsideration, the motion for reconsideration *en banc* and the motion to certify conflict (Docket No. 7-1, pp. 357-367, 368-375, 392-399 of 419).

On August 4, 2010, the court of appeals denied the application seeking *en banc* consideration (Docket No. 7-1, pp. 400-402 of 419). On August 6, 2010, the appellate court denied the application for reconsideration and motion to certify the conflict (Docket No. 7-1, pp. 403-405 of 419).

F.  APPEAL TO THE SUPREME COURT OF OHIO.

On July 20, 2010, Petitioner filed a notice of appeal from the court of appeal's judgment of June 7, 2010, a memorandum in support of jurisdiction and a notice of pending motion to certify conflict in the Supreme Court of Ohio. Four propositions of law were presented:

1. At a minimum, to charge the offense of felony murder, the count must identify by statute number or name, the predicate offense of violence.
2. A criminal defendant is not required to file a pre-trial motion to dismiss pursuant to CRIM. R. 12(C)(2) when he is challenging an indictment on the grounds that it fails to charge an offense.
3. The court of appeals may not *sua sponte* raise an argument on behalf of a party that failed to raise the argument in trial and on appeal.
4. A trial court's re-sentencing to a harsher sentence on remand for failure to properly advise of post-release control is vindictive if based on identical factors in its original sentence

(Docket No. 7-1, pp. 276-296 of 419; Www.sconet.state.oh.us.).

The State of Ohio filed a memorandum in opposition to jurisdiction in the Supreme Court of Ohio, on August 17, 2010 (Docket No. 7-1, p. 297-315 of 419).

Chief Justice Eric Brown denied Petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question on October 13, 2010 (Docket No. 7-1, p. 319 of 419; Www.sconet.state.oh.us.).

**G.**     **PETITION FOR WRIT OF HABEAS CORPUS.**

Petitioner asserted one ground for relief in the Petition for Writ of Habeas Corpus:

The presumption of vindictiveness applied when the trial court sentenced Petitioner to a greater sentence after a successful appeal without explanation for the increase, thus denying Petitioner's right to due process of law in violation of the Fourteenth Amendment of the United States Constitution.

**Supporting facts**:

On appeal, the trial court found that Petitioner's sentence was void for failure to properly impose post-release control.  It was therefore remanded for re-sentencing.  At the re-sentencing hearing, the trial court improperly imposed post-release control and imposed the same sentence on the felony murder charge and accompanying gun specification.  However, the court increased the sentence on each felonious assault charge from three years to eight years and stated "[i]f counsel always says they could reduce it, I'm sure if we can reduce it that we can increase it.  It's still 15 to life"

(Docket No. 1, pp. 14-15 of 16).

Respondent responded:

Petitioner has fairly presented his sole habeas claim for relief in the Ohio courts on direct appeal of his re-sentencing; however, his claims are not cognizable in this federal habeas corpus.  Alternately, the presumption of vindictiveness does not apply to Petitioner's re-sentencing pursuant to *State v. Simpkins*, 117 Ohio St. 3d 420 (2008) *cert. denied*, 129 S.Ct. 463 (2008)[2].

---

[2] This case has been superseded by statute on other grounds as stated in *State v. Singleton,* 124 Ohio St. 3d 173, 920 N.E.2d 958 (2009).  The Supreme Court of Ohio found that because OHIO REV. CODE § 2929.191 applies prospectively to sentences entered on or after July 11, 2006, that lack proper imposition of post-release control, a trial court may correct these sentences in accordance with the procedures set forth in that statute.  The Court's decision described the procedure to be followed to correct a sentence that failed to properly impose post-release control.

**Supporting Facts:**

Petitioner's instant habeas claim neither attacks his state judgment of conviction as unconstitutional nor does he attack the duration of his lawful conviction, in that he concedes his aggregate current sentence remains eighteen years to life. Accordingly, Petitioner is not challenging either the fact or duration of his current incarceration. If this Court were to proceed on Petitioner's claim and find in his favor, the result would not be release or reduction in his time to be served, or in any other way affect his actual detention. Therefore, Respondent asserts Petitioner's instant claim is not cognizable in habeas in that he does not seek either release from custody or reduction of his sentence—the only remedies available in a habeas corpus. In the alternative, if the Court determines Petitioner's instant habeas ground is cognizable, Respondent submits it is without merit.

(Docket No. 7, pp. 6-9 of 16).

### IV. JURISDICTIONAL PREREQUISITE TO HABEAS REVIEW.

A habeas application that is made by a person in custody pursuant to the judgment of a state court may be entertained "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Sanborn v. Parker,* 629 F.3d 554, 564 (6th Cir. 2010) *cert. denied*, 132 S.Ct. 498 (2011) (*citing* 28 U.S.C. § 2254(a)). Therefore, a court has jurisdiction over a habeas corpus petition only if it has personal jurisdiction over the petitioner's custodian. *Id*. For prisoners, the warden of the facility in which they are held is the proper custodian. *Roman v. Ashcroft*, 340 F.3d 314, 319 (6th Cir. 2004) (as a general rule, a petitioner should name as a respondent to his habeas corpus petition the individual having day-to-day control over the facility in which petitioner is being detained).

In the instant case, Petitioner is in custody pursuant to state law; Respondent accepted service of process and filed an Answer in his official capacity, thus submitting to the district court's personal jurisdiction; and Petitioner alleges that he is custody in violation of the Fourteenth Amendment of the United States Constitution. Under these circumstances, this Court

has the power to grant a writ of habeas corpus to Petitioner.

## V. HABEAS CORPUS STANDARD OF REVIEW.

The standard for reviewing state-court determinations on habeas is governed by the AEDPA. *Montes, supra*, 599 F.3d at 494 (*citing Ivory v. Jackson*, 509 F. 3d 284, 291 (6th Cir. 2007) *cert. denied*, 128 S.Ct. 1897 (2008)). AEDPA provides that

> a federal court may not grant a writ of habeas to a petitioner in state custody with respect to any claim adjudicated on the merits in state court unless (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings."

*Id.* (*citing Taylor v. Withrow*, 288 F.3d 846, 850 (6th Cir.2002) (citation omitted) *cert. denied*, 123 S.Ct. 490 (2002) (*quoting* 28 U.S.C. § 2254(d)).

A state-court decision is considered "contrary to . . . clearly established federal law" if the two are "diametrically different, opposite in character or nature, or mutually opposed." *Id.* (*citing Williams v. Taylor*, 120 S.Ct. 1495, 1519 (2000) (internal quotation marks omitted) (*quoting* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 495 (1976)). Alternatively, to be deemed an "unreasonable application of . . . clearly established Federal law," a state-court decision on the merits must be "objectively unreasonable," not simply incorrect. *Id*. (*citing Williams*, 120 S.Ct. at 1521-1523). A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Williams.* 120 S.Ct. at 1522. Rather, that application must also be unreasonable. *Id.*

But there are exceptions to the requirement of AEDPA deference. *Id.* For one, if a claim is fairly presented to the state courts, but those courts fail to adjudicate the claim on the merits,

then the pre-AEDPA standards of review apply. *Id.* (*citing Cone v. Bell*, 129 S.Ct. 1769, 1784 (2009)). Under such review, questions of law, including mixed questions of law and fact, are reviewed *de novo*, and questions of fact are reviewed under the clear-error standard. *Id.* (*citing Brown v. Smith*, 551 F.3d 424, 430 (6th Cir.2008)). The federal habeas court will make its own independent determination of his or her federal claim without being bound by the determination on the merits of the claim reached in state proceedings. *Harries v. Bell*, 417 F.3d 631, 634-635 (2005) (*citing Buell v. Mitchell*, 274 F.3d 337, 344 (6th Cir.2001) (*quoting Wainwright v. Sykes*, 97 S.Ct. 2497, 2506 (1977)). A district court may grant the writ if the state-court conviction violated the Constitution, laws, or treaties of the United States. *Id.* (*citing Estelle v. McGuire*, 112 S.Ct. 475, 480 (1991)).

## VI. ANALYSIS.

Petitioner has fairly presented his sole claim as a violation under state and federal laws. Petitioner contends that the presumption of vindictiveness applied when the trial court sentenced him to a greater sentence after a successful appeal without explanation for the increase, thus denying Petitioner's right to due process of law in violation of the Fourteenth Amendment of the United States Constitution.

Respondent argues that this Court cannot determine the merits of Petitioner's state claim because it is not an issue subject to habeas review. With respect to Petitioner's federal claim, Respondent warns that Petitioner's underlying sentence was declared void, meaning the sentence had no legal force or effect. Therefore, the trial court was free to impose any sentence, albeit harsher, provided it was authorized by statute.

1.  **PETITIONER'S STATE LAW CLAIM**.

To the extent that Petitioner's argument is based upon an alleged violation of Ohio law, Petitioner has failed to state a claim upon which habeas relief may be granted. *See Austin v. Jackson,* 213 F.3d 298, 300 (6th Cir. 2000) (*See Pulley v. Harris*, 104 S.Ct. 871, 874 (1984)).

The Magistrate does not address Petitioner's claim based on a violation of Ohio law.

**2.      PETITIONER'S FEDERAL LAW CLAIM.**

In establishing a violation of clearly established federal law, Petitioner relies on two Supreme Court cases–*North Carolina v. Pearce* and *Alabama v. Smith*–that clearly establish a principle that if a sentence is the result of vindictiveness, it can be a violation of the Fourteenth Amendment. In other words, these decisions were the clear governing legal principles set forth by Supreme Court at the time the state court rendered its decision.

The crux of this debate arises from whether Petitioner's re-sentencing resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law by the Supreme court of the United States. In *North Carolina v. Pearce,* the Supreme Court held that due process of law required that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he received after a new trial. 89 S.Ct. 2072, 2080 (1969). To guard against that possibility, "[i]n order to assure the absence of such a motivation [of vindictiveness], [the court] concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear." *Martin v. Warden*, *Chillicothe Correctional Institution*, 2012 WL 2031221, *1 (S.D.Ohio 2012). This so-called *Pearce* presumption of vindictiveness does not apply in every case where a defendant receives a higher sentence upon retrial, but it does in those where the circumstances necessitate that the court guard against vindictiveness in the sentencing

process. *Id.* (*citing Texas v. McCullough*, 106 S.Ct. 976 (1986)).

The Court overruled *Pearce* in *Alabama v. Smith,* 109 S.Ct. 2201 (1989) and refined the *Pearce* presumption. The court explained that a court had discretion to consider a wide range of information relevant to the assessment of punishment. *Id.* (*citing Williams v. New York*, 89 S.Ct. 1079, 1082 (1949)). Such discretion was not to be exercised with the purpose of punishing a successful appeal. *Id.* (*citing Pearce,* 89 S.Ct. at 2079-2080). Due process of law required that vindictiveness against a defendant for having successfully attacked his or her first conviction must play no part in the sentence received after a new trial**.** *Id*. (*citing Pearce,* 89 S.Ct. at 2080). In order to assure the absence of such a motivation, the Court concluded that whenever a judge imposed a more severe sentence upon a defendant after a new trial was ordered, the reasons for doing so must affirmatively appear. *Id.* (*citing Pearce*, 109 S.Ct. at 2081). Otherwise, a presumption arises that a greater sentence has been imposed for vindictive purpose–a presumption that must be rebutted by objective information justifying the increased sentence. *Id.* (*citing Texas v. McCullough,* 106 S.Ct. 976, 981 (1986) (*quoting United States v. Goodwin*, 102 S.Ct. 2485, 2489 (1982)). In the absence of a "reasonable likelihood" that the enlarged sentence was the product of vindictiveness, the burden is on the defendant to show "actual vindictiveness." *Id.*

Here, Petitioner challenged the validity of his conviction on one count of murder and two counts of felonious assault given the impropriety of the indictment against him. The court of appeals, *sua sponte,* identified the trial court's failure to notify Petitioner that he was subject to the full term of three years of post-release-control mandated under OHIO REV. CODE § 2929.19(B). The court of appeals never addressed the arguments raised by Petitioner in his brief.

Nor did the court of appeals order a new trial. The remand was the result of rights that were automatically applied to Petitioner by change in the existing laws, not as a result Petitioner's successful arguments.

Furthermore, under Ohio law, the trial court's failure to notify Petitioner that he was subject to the full term of three years of post control release resulted in a "void" sentence. Petitioner had no reasonable expectation of finality in that void sentence. The presumption of vindictiveness does not apply with the equal force found by the Supreme Court in *Smith* because Petitioner's sentence was a nullity, rather than a sentence found to be in error.

Neither of these theories is sufficient to implicate that portion of the Due Process Clause that protects against vindictive re-sentencing. The presumption of vindictiveness is inapplicable.

Petitioner could still prevail by establishing actual vindictiveness on the part of the ultimate sentencing authority. Petitioner adopts a view that once the slate was wiped clean, Judge Zaleski had to be motivated by revenge because there was no legitimate reason to impose a fresh and higher sentence. However, Petitioner's claim is based on speculation. He never meets the affirmative burden to prove actual vindictiveness in re-sentencing. Significantly, upon re-sentencing, Petitioner received the same aggregate sentence of 18 years to life. The presumption of vindictiveness was appropriately disregarded here.

## VII. CONCLUSION

For these reasons, the Magistrate recommends that the Court deny the Petitioner's Petition for Writ of Habeas Corpus and terminate the referral to the undersigned Magistrate Judge.

/s/Vernelis K. Armstrong
United States Magistrate Judge

Date:	October 31, 2012

### VII. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.